**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

REBECCA HAYWARD,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-06484

Judge Manish S. Shah

Magistrate Judge Albert Berry, III

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR**
**LEAVE TO CONDUCT EXPEDITED DISCOVERY AND**
**SERVICE OF PROCESS BY E-MAIL AND/OR ELECTRONIC PUBLICATION**

Plaintiff, REBECCA HAYWARD ("Hayward" or "Plaintiff"), submits this Memorandum in

support of Plaintiff's *Ex Parte* Motion for leave to conduct expedited discovery and service of process

by email and/or electronic publication (the "*Ex Parte* Motion").

## I. INTRODUCTION

Plaintiff brings this action against the defendants identified on Amended Schedule A to the Complaint (collectively, the "Defendants") for Copyright Infringement (Count I). As alleged in the Complaint, Defendants are selling unauthorized products that are direct copies or derivative works of the copyrighted subject matter of Plaintiff's Work, hereinafter referred to as the "Rebecca Hayward Products." Also, Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling infringing Rebecca Hayward Products through various fully interactive commercial internet websites (collectively, the "Defendant Internet Stores") [1]. Defendants' unauthorized conduct is done with the intent to generate profits by infringing and trading off the Plaintiff's valuable rights.

The Defendants create numerous Defendant Internet Stores and design them to appear to be selling authorized products, while actually selling unauthorized and unlicensed Rebecca Hayward Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' piracy operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by concealing both their identities and the full scope and interworking of their piracy operation. Plaintiff has filed this action to combat Defendants' infringement of Plaintiff's registered copyright, as well as to protect unknowing consumers from purchasing pirated Rebecca Hayward Products over the internet.

This Court has personal jurisdiction over Defendants because each Defendant targets Illinois residents and has offered to sell, and on information and belief, has sold and continues to

---

[1] True and correct copies of screenshot printouts showing the infringement by the Defendant Intereet Stores are attached hereto as **Exhibit 1.**

1

sell pirated Rebecca Hayward Products to consumers within the United States, including the State of Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products being sold in connection with Plaintiff's Rebecca Hayward Work. Defendants directly target their unlawful business activities toward consumers in Illinois, cause harm to Plaintiff's business within this judicial district, and have caused and will continue to cause injury to Plaintiff. Defendants deceive the public by trading upon Plaintiff's reputation and goodwill by using their commercial, interactive internet stores to sell and/or offer for sale unlicensed Rebecca Hayward Products in connection with Plaintiff's copyright.

## II. ARGUMENT

Specifically, Plaintiff seeks an order to: (1) authorize expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of infringing Rebecca Hayward Products and Defendants' financial accounts; and (2) authorize service by electronic mail and/or electronic publication.

Considering the covert nature of offshore infringing activities and the vital need to establish an economic disincentive for infringement, courts regularly grant leave for expedited discovery and electronic service. *See, e.g., Maria Hayden v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-01776 (N.D. Ill. Feb. 11, 2026); *Jean Ann Plout v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-01169 (N.D. Ill. Feb. 11, 2026)*.* Granting leave for expedited discovery and electronic service will also advance this litigation faster to notify defendants regarding their infringing activities.

Discovery of these financial accounts and email addresses is necessary so that Defendants can be served with notice to conserve judicial resources and proceed to the merits of this

case. Additionally, expedited discovery for Defendants' financial account information is also proper since Plaintiff may seek an equitable remedy in the accounting of Defendants' profits pursuant to 17 U.S.C. § 504(b). Finally, an order authorizing service of process by email and/or electronic publication is proper due to Defendants' intentional efforts to conceal their identities and operate their business online. Serving Defendants electronically is the best method for notifying them of this action and providing them the opportunity to defend and present their objections.

### A. Plaintiff is Entitled to Expedited Discovery

The Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

As described above, Defendants are using third-party payment processors, which help to increase their anonymity by interposing a third party between the consumer and Defendants. Plaintiff respectfully requests expedited discovery to discover email, bank, and payment system accounts Defendants use for their infringing sales operations. The discovery requested on an expedited basis in Plaintiff's Proposed Order has been limited to include only what is essential to advance this litigation. Discovery of these financial accounts and email addresses is necessary so

that Defendants can be served with notice to conserve judicial resources and proceed to the merits of this case.

Plaintiff's counsel is aware that the same third-party payment processors, in previous lawsuits, have worked with copyright owners and is not aware of any reason that Defendants or third parties cannot comply with these expedited discovery requests without undue burden. Further, all relevant third parties have in fact complied with identical requests in previous similar cases. More importantly, as Defendants have engaged in many deceptive practices in hiding their identities and accounts, Plaintiff will be unable to properly serve Defendants without the requested relief. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

**B. Service of Process by E-mail and/or Electronic Publication is Warranted in this Case**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests this Court's authorization to serve process by electronically publishing a link to the Complaint and other relevant documents on a website and/or by sending an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website. Plaintiff submits that providing notice via electronic publication and/or e-mail, along with any notice that Defendants receive from online marketplaces and payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because the Defendants, on information and belief: (1) have provided false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal their locations and avoid liability for their unlawful conduct and (2) rely primarily on electronic communications to communicate with their registrars and customers, demonstrating the reliability of this method of communication

4

by which the registrants of the Defendant Internet Stores may be apprised of the pendency of this action. *See* Declaration of Keith A. Vogt (the "Vogt Declaration") at ¶ 2. Authorizing service of process solely via e-mail and/or electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

An investigation of the internet stores operating under the Defendant Internet Stores identified in Amended Schedule A to the Complaint shows that few, if any, provide a reliable physical address on the internet store. Vogt Declaration at ¶ 3. In most instances, Defendants must provide an email address and physical address to third-party online marketplace platforms when registering their accounts. *Id.* However, unlike an email address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses. *Id.* Since an internet store operator can input any physical address, such addresses are usually false and/or are not where the internet store operator is located. *Id.* As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants. *Id.*

Despite providing false physical addresses, the registrants of the Defendant Internet Stores must generally provide an accurate e-mail address so that their marketplaces may communicate with them regarding issues related to the purchase, transfer, and maintenance of the various accounts. Likewise, online marketplace account operators accepting PayPal, or similar accounts, must provide a valid email address to customers for completing payment. Moreover, it is necessary for merchants, such as the registrants of the Defendant Internet Stores, who operate entirely online, to visit their internet store to ensure it is functioning and to communicate with customers

5

electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Similarly, a number of Courts, including within the Northern District of Illinois, have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Id.* at 1018; *see also MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 1:08-cv-02593, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) (holding e-mail and facsimile service appropriate); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*, 284 F.3d at 1018) (allowing e-mail service); s*ee also Juniper Networks, Inc. v. Bahattab*, No. 1:07-cv-01771-PLF-AK, 2008 WL 250584, *1-2, (D.D.C. Jan. 30, 2008) (citing *Rio*, 284 F.3d at 1017-18; other citations omitted) (holding that "in certain circumstances ... service of process via electronic mail ... is appropriate and may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure").

Plaintiff submits that allowing service solely by e-mail and/or electronic publication in the present case is appropriate and comports with constitutional notions of due process, particularly

given the decision by the registrants of the Defendant Internet Stores to conduct their internet-based activities anonymously.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio,* 284 F.3d at 1014-15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A. v. Yong Peng, et al.,* No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Nagravision SA v. Gotech Int'l Tech. Ltd.,* 2018 U.S. App. LEXIS 2976 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, [defendant] argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3).") Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiff. *Strabala v. Zhang,* 318 F.R.D. 81, 114 (N.D. Ill. 2016) (*citing* 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)). As such, this Court may allow Plaintiff to serve the defendants via electronic publication and/or e-mail.

Additionally, Plaintiff is unable to determine the exact physical whereabouts or identities of the registrants of the Defendant Internet Stores due to their provision of false and incomplete

street addresses. Plaintiff, however, has good cause to suspect the registrants of the respective

Defendant Internet Stores are all residents of China. The United States and the People's Republic

of China are both signatories to the Hague Convention on the Service Abroad of Judicial and Extra

Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Vogt Declaration

at ¶ 4. The Hague Convention does not preclude service by email, and the declarations to the Hague

Convention filed by China do not appear to expressly prohibit email service. *Id.*

Additionally, according to Article 1 of The Hague Convention, the "convention shall not

apply where the address of the person to be served with the document is not known." *Id*. at ¶ 5. As

such, United States District Courts, including in this District, routinely permit alternative service

of process notwithstanding the applicability of the Hague Convention. *See, e.g.*, *Gianni Versace,*

*S.PA. v. Yong Peng, et al.,* No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must [plaintiff] attempt

service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain

language of Rule 4 requires only that service be made as directed by the court and not prohibited

by international agreement."); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill.

2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); s*ee*

*also In re Strabala v. Zhang,* 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service

pursuant to Fed. R. Civ. P. 4(f)(3)); *LDK Solar Secs. Litig.,* 2008 WL 2415186,*2 (N.D. Cal. Jun.

12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting

"potentially fruitless" service through the Hague Convention's Chinese Central Authority); *Nanya*

*Tech. Corp. v. Fujitsu Ltd.*, No. 1:06-cv-00025, 2007 WL 269087, *6 (D. Guam Jan. 26, 2007)

(Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese

defendant); *Popular Enters.*, 225 F.R.D. 560 at 562 (recognizing that, while "communication via

e-mail and over the internet is comparatively new, such communication has been zealously

embraced within the business community"). In addition, the law of the People's Republic of China does not appear to prohibit electronic service of process. Vogt Declaration at ¶¶ 4-6.

## III. CONCLUSION

The Rebecca Hayward Work is an important part of Plaintiff's business. That the accused products use the creative content protected by Plaintiff's copyright is no coincidence. It is validation that consumers value these rights owned by Plaintiff. Without entry of the requested leave, Plaintiff will be unable to properly serve notice to Defendants. Therefore, entry of leave to conduct expedited discovery and electronic service is necessary to protect Plaintiff's rights, to prevent further harm to Plaintiff and the consuming public. Unless Defendants can be properly identified and served, this action will languish and the public will continue to be confused and misled by Defendants' conduct. In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that this Court grant leave in the form submitted herewith. In accordance with this request, the proposed Order includes authorization to serve Defendants electronically and provides for issuance of single original summons[2] in the name of "Tantisy ⭐ Easter Day Big Promotion and all other Defendants identified in the Complaint" that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

DATED:  June 3, 2026

Respectfully submitted,
*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
Email: keith@vogtip.com
***ATTORNEY FOR PLAINTIFF***

---

[2] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified."  Fed. R. Civ. P. 4(b) advisory committee notes (1993).

9