## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

REBECCA HAYWARD,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No. 1:26-cv-06484

Judge Manish S. Shah

Magistrate Judge Albert Berry, III

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER [16]

Pursuant to the Court's order at [16], Plaintiff, Rebecca Hayward ("Hayward" or "Plaintiff"), submits this Supplemental Brief addressing *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026), and explaining, for each of the five defendants identified on the Amended Schedule A [12], what efforts Plaintiff undertook to determine that defendant's address and why those efforts were reasonably diligent. The investigation is described in the accompanying Declaration of Yanling Jiang ("Jiang Decl.") and its Exhibits A through C.

The investigation yielded the following result: For Defendant Nos. 1, 2, 3, and 5, Plaintiff's diligence confirms that no registered Chinese-character legal name and no verifiable, defendant-connected address can be ascertained from the platform record. Therefore, the Hague Convention is inapplicable under Article 1 and email service under Fed. R. Civ. P. 4(f)(3) is the available mechanism. As to Defendant No. 4, the same diligence identified a registered entity, an identifiable natural-person legal representative, and a verified address. Therefore, the Convention applies as to Defendant No. 4, and Plaintiff will serve through the PRC Central Authority. However, Plaintiff also acknowledges a risk that service in accordance with the Hague Convention may not result in

1

executed service, and Plaintiff respectfully requests that this Court authorize email service under Rule 4(f)(3) as backup.

## I. LEGAL STANDARD

The Seventh Circuit recently confirmed that the Hague Convention prohibits email service in China where the Convention applies, but that a district court must first determine whether the Convention applies at all. *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, 177 F.4th 793, 795–96 (7th Cir. 2026). The Convention does not apply "where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. The standard this district applies requires "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address," and is conjunctive: a plaintiff must not only ascertain a listed address but verify it, for "[b]are assertions regarding the reliability of [a] [d]efendant's publicly available address are not a substitute for actual diligence." *NBA Props., Inc. v. Partnerships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021).

Where a plaintiff investigates the platform-disclosed address and cannot confirm it as a real, usable location connected to the defendant, the address is "not known" within Article 1. Article 1 also turns on the identity of the party to be served. Under PRC law, only a defendant's registered Chinese-character legal name, or the registered Chinese-character name of the natural person to be served, has legal status for purposes of a Central Authority request; the Romanized or English-translated trade name on a platform record is not the defendant's legal identity. The practitioner authority governing Hague-Request drafting follows from this: a Request that names a defendant only in a Romanized or English-translated form is, in Aaron Lukken's words, "assured to fail," because the destination's local intermediate people's court which executes the Request

2

cannot reconcile a Romanized identifier to a registered entity in the SAMR registry. Aaron Lukken, *Chinese company names, flawed addresses, and the high likelihood of Hague Service failure*, Hague Law Blog (Mar. 2024)[1]. Lukken's framework prescribes the diligence a plaintiff should complete before invoking the Convention: identify the registered Chinese-character legal name and the registered address of each defendant through Chinese-language registry and field investigation. Aaron Lukken, *A Hague-compliant roadmap for service on "Schedule A" defendants*, Hague Law Blog (July 2024).[2]

## II. PLAINTIFF'S PER-DEFENDANT INVESTIGATION AND ARTICLE 1 APPLICABILITY AS TO EACH DEFENDANT

The SAMR (国家市场监督管理总局) requires four components in a registered entity's name: 行政区划 (administrative-region prefix), 字号 (distinctive trade-name component), 行业表述 (industry descriptor), and 组织形式 (organizational-form suffix). Jiang Decl. ¶ 5. For each of the five defendants, Plaintiff's investigation comprised: (a) cataloging the platform-disclosed address on the Amended Schedule A [12]; (b) for the priority subset (Defendants 3, 4, and 5), Chinese-language searches of the Tianyancha (天眼查)[3] and Qichacha (企查查)[4] PRC business-registry portals, by reconstructed Chinese-character name and by the platform-disclosed address; (c) Baidu Maps (百度地图)[5] verification of each platform-disclosed address; and (d) decomposition of each platform identifier against the four SAMR elements. Jiang Decl. ¶¶ 4, 7–9. Baidu Maps is China's dominant mapping platform and the verification record rests on it. Jiang

---

[1] https://www.haguelawblog.com/2024/03/chinese-company-names-flawed-addresses-and-the-high-likelihood-of-hague-service-failure/ (last visited July 14, 2026).
[2] https://www.haguelawblog.com/2024/07/a-hague-compliant-roadmap-for-service-on-schedule-a-defendants/ (last visited July 14, 2026).
[3] A leading Chinese corporate data platform, available at https://www.tianyancha.com (last visited July 14, 2026).
[4] A leading Chinese corporate data and credit information platform, available at https://www.qcc.com (last visited July 14, 2026).
[5] A leading Chinese mapping service, available at https://map.baidu.com (last visited July 14, 2026).

Decl. ¶ 8. None of the five defendants' platform record included a registered, Chinese-character legal name in the required four-element structure; each had at least one deficiency as described below. The full per-defendant record, which includes the identifier, address, registry result, map result, pathology, and tier for each defendant, appears at Exhibit A of Jiang Decl. Applying Article 1 to that record, the five defendants are divided into two groups.

### A. The Hague Convention Does Not Apply to Defendant Nos. 1, 2, 3, and 5 Because Plaintiff's Reasonable Diligence Did Not Identify Either a Hague-Serviceable PRC Defendant or a Known Serviceable Address

For Defendant Nos. 1, 2, 3, and 5, the data available to Plaintiff does not identify any Hague-serviceable entity. A request capable of execution against a PRC defendant requires the defendant's registered Chinese-character legal name in the four-element SAMR structure and a verifiable registered address corresponding to that named entity. Lukken, *Chinese company names*, *supra*; Lukken, *A Hague-compliant roadmap*, *supra*. Plaintiff performed that diligence and none of these four defendants produces the prerequisite combination on the platform record, nor could Plaintiff identify a verifiable, service address.

**Defendant 1 (Tantisy Easter Day Big Promotion)** is identified by an English-fabricated promotional phrase with no SAMR component and no Chinese-character parent. Jiang Decl. ¶ 6; Ex. A. Baidu Maps resolves Longdong West Street in Tianhe District, Guangzhou, confirmed by an SF Express pickup point at No. 65, but the claimed lane "九巷 (Lane 9)" and building "9 号 502" appear in no map, courier, or postal directory; the area is a dense self-built-housing zone with informal, non-official lane numbering, and the postcode (510000, Guangzhou-general) does not match the Longdong-specific 510520. The address resolves no lower than the street. Jiang Decl. ¶ 9; Ex. C.

4

**Defendant 2 (meisly)** is identified by run-together romanized pinyin; the platform-disclosed unit is real and hosts five registered entities, but none is "meisly." Jiang Decl. ¶ 6; Ex. A. Baidu Maps resolves Yuanshan Sub-district and Dakang Community in Longgang District, Shenzhen, but the nested industrial-zone chain "大王工业区 7 号宝丽工业区 3 栋" (one industrial zone purportedly inside another) appears in no Baidu building entry or logistics directory, and "大王工业区" is associated with a different Shenzhen district (Bao'an's 大王山社区) than the one disclosed. The address resolves no lower than the community. Jiang Decl. ¶ 9; Ex. C.

**Defendant 3 (HswsEJ Official)** is identified by pinyin plus a random suffix; the sole entity registered at the platform-disclosed sub-suite (广州诚月玩具有限公司) has a 字号 ("诚月") bearing no relation to the platform identifier and is itself tagged 经营异常 (abnormal operation). Jiang Decl. ¶ 7(a); Ex. B. Baidu Maps resolves the building at No. 4 Lingshan East Road but does not pin the self-numbered sub-suite "11 楼 1102 单元 856." The registry shows the building is a cluster-registration (集群注册) virtual-address hub with twenty-plus "(仅限办公)" self-numbered sub-suites — a registry-broker artifact, not an occupied space — and the one entity at the exact sub-suite has no name correspondence to the defendant and is flagged 经营异常. Jiang Decl. ¶¶ 7(a), 9; Exs. B, C.

**Defendant 5 (juyu-W)** is identified by pinyin plus a suffix; the platform-disclosed unit hosts twenty-plus unrelated entities, none named "juyu-W." Jiang Decl. ¶ 7(c); Ex. B. Baidu Maps does resolve the residential unit at Penghui Garden 3-2203, but the unit is a residence within a Country-Garden-managed complex, while the registry shows twenty-plus unrelated commercial entities registered at that single apartment under a "(仅限办公)" ("office-use-only") tag, the

residential mass-registration pattern. The unit verifies as an apartment, not as the defendant's place of business, and none of the registrants is "juyu-W." Jiang Decl. ¶¶ 7(c), 9; Exs. B, C.

A Central Authority request naming any of these four defendants only in their Romanized or English-fabricated platform form is the precise pattern practitioner authority identifies as "assured to fail." Lukken, *Chinese company names*, *supra*. Additionally, Plaintiff ascertained and tested the platform-disclosed address for each of the above-mentioned defendants, but reasonably diligence did not verify any such address a serviceable location connected to the Defendant. Each ground is independently sufficient: the platform records do not identify a Hague-serviceable PRC defendant, and Plaintiff's reasonable diligence did not reveal a known serviceable address. Accordingly, each address is "not known" within Article 1, and the Convention does not apply. *NBA Props.*, 549 F. Supp. 3d at 796. Electronic service pursuant to Rule 4(f)(3) is appropriate as to these Defendants.

### B. For Defendant No. 4, Plaintiff Will Serve Through the Central Authority and Requests Email Service as a Backup

Plaintiff's investigation as to Defendant No. 4 did return a plausible, serviceable address that satisfies the requirements for a Hague-Request. The address-based registry search returned a single registered entity at the platform-disclosed unit, 西安棠兼商贸有限公司 (Xi'an Tangjian Trading Co., Ltd.), Unified Social Credit Code 91610104MACFWJAB28, and a natural-person sole proprietorship whose legal representative, 唐键, is the Chinese-character name corresponding to the platform identifier "Tang jian," registered at the exact platform-disclosed address. Baidu Maps verified the full address at No. 61 Ziqiang West Road, Yuanfeng Mansion, Room 1609, a 2009-built mixed-use tower corroborated across multiple independent Chinese-language sources, and a control search debunked an earlier directory's contrary street number. Jiang Decl. ¶¶ 7(b), 9, 10; Exs. B, C.

On these facts, Defendant 4's address is known and the Hague Convention applies. Accordingly, Plaintiff will effect service on Defendant 4 through the PRC Central Authority (the Ministry of Justice International Legal Cooperation Center), directed to the natural person 唐键 at the registered address.

Nevertheless, there is an identifiable risk that the Central Authority service request may not execute: the registrant is a natural-person sole proprietorship, not a corporate defendant with independent operating premises; the platform record supplies only the Romanized handle "Tang jian," not the registered 字号 ("棠兼"), that the executing court may need to reconcile; and the registered unit is a single room in a mixed-use hotel-and-office tower, a setting in which personal service by the executing local intermediate people's court may result in a non-service return. Jiang Decl. ¶ 10. Because of this risk, Plaintiff respectfully requests, in the alternative and as a backup to the Central Authority channel, leave to serve Defendant 4 by email under Rule 4(f)(3) should the Central Authority request fail to produce executed service within a reasonable time as set by the Court. This procedure follows *Kangol*: Plaintiff will use the Convention where it applies, and email service is reserved as a fallback to be authorized only as a fallback should the disclosed risk of Central-Authority non-execution materializes.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Authorize service by email under Fed. R. Civ. P. 4(f)(3) for Defendant Nos. 1, 2, 3, and 5, as the Hague Convention is inapplicable under Article 1 on the independent grounds that the platform record supplies no registered Chinese-character legal name capable of supporting a Central Authority request, and that each platform-disclosed address cannot be verified to a serviceable, defendant-connected location after reasonably diligent effort; and

7

2.    Allow Plaintiff to serve Defendant No. 4 through the PRC Central Authority, while also authorizing email service under Rule 4(f)(3) as a fallback in the event the Central Authority request does not produce executed service within a reasonable time set by the Court.

DATED:  July 14, 2026                                Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***