**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

REBECCA HAYWARD,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No. 1:26-cv-06484

Judge Manish S. Shah

Magistrate Judge Albert Berry, III

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am Yanling Jiang. I am an attorney at JiangIP LLC, one of counsel for Plaintiff Rebecca Hayward in this action. I am admitted to practice law in the States of Illinois and California, and before this Court. I make this Declaration in support of Plaintiff's Supplemental Brief addressing the applicability of the Hague Service Convention and Plaintiff's per-defendant address diligence, filed in response to the Court's order at [16]. I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called to testify could and would do so competently. The matters stated below regarding (a) the structure of registered company names under the law of the People's Republic of China ("PRC"), (b) the operation of the PRC State Administration for Market Regulation's entity registry, (c) the Chinese-language platform records of the five defendants identified on the Amended Schedule A, and (d) the practical operation of Hague Service Convention execution by the local intermediate people's courts in the PRC, rest on the following bases: I was born and raised in the People's Republic of China, where I resided for approximately twenty years before relocating to the United States; I am a native speaker of Mandarin Chinese with full reading and writing proficiency in simplified

1

Chinese characters; I have personally reviewed each of the platform-disclosed records and Chinese-language registry records described in this Declaration; and I have direct professional familiarity with the registration conventions of the PRC entity-registration system and the civil-procedure practices of the local intermediate people's courts described herein.

2. I submit this Declaration in support of Plaintiff's Supplemental Brief, which addresses, for each of the five defendants identified on the Amended Schedule A [12], what efforts Plaintiff undertook to determine that defendant's address, why those efforts were reasonably diligent, and whether the Hague Service Convention applies to service on that defendant.

3. At my direction, Plaintiff's counsel and a China-based legal research associate conducted a defendant-specific investigation of each of the five defendants to determine, for each, whether the platform-disclosed seller identifier and address are sufficient to support service through the Hague Convention's central-authority mechanism, and whether the platform-disclosed address can be verified to a serviceable, defendant-connected location.

4. The per-defendant findings set out below are based on my personal review of (a) each defendant's platform-disclosed record as it appears in Plaintiff's filings, including the Amended Schedule A [12]; (b) Chinese-language searches of the Tianyancha (天眼查) and Qichacha (企查查) PRC business-registry portals as to the priority subset of defendants (Defendants 3, 4, and 5) described in paragraph 7 below; (c) Baidu Maps (百度地图) verifications conducted in simplified Chinese against each platform-disclosed address; and (d) the per-defendant decomposition of each platform identifier against the four required structural elements of a PRC registered entity name. Where my findings rest on PRC registry conventions or local-court execution practice, the basis is my personal knowledge described in paragraph 1 above.

2

5. Under the regulations of the PRC State Administration for Market Regulation (国家市场监督管理总局，"SAMR"), a registered entity name comprises four components: an administrative-region prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). A request to the PRC Central Authority must identify the defendant by its registered Chinese-character legal name, in this four-element structure, or by the registered Chinese-character name of the natural person to be served.

6. None of the five defendants is identified on the platform record by a Chinese-character legal name; each is listed only by a Romanized pinyin identifier, an English-translated or English-fabricated name, or, in the case of Defendant 4, a Romanized natural-person name. A true and correct summary of the per-defendant investigation results, including, for each defendant, the platform identifier, the platform-disclosed address, the registry-search result, the Baidu Maps verification result, the naming pathology, and the proposed service tier, is attached as Exhibit A.

7. For three defendants, Nos. 3, 4, and 5, the investigation included Chinese-language searches of the Tianyancha and Qichacha PRC business-registry portals, by reconstructed name and by the platform-disclosed address. The full search trace for these three defendants is set out in the China-associate diligence report dated June 23, 2026, attached as Exhibit B. That report was prepared in the Chinese language, which is the original of record; a true and accurate English translation, which I prepared, is set out alongside each corresponding section of Exhibit B, and my translator's certification appears at the end of that exhibit. The results were as follows:

a. **Defendant 3 (HswsEJ Official).** The address-based search at the platform-disclosed sub-suite (广州市天河区灵山东路 4 号十一楼 1102 单元 856) returned a

3

single registered entity: 广州诚月玩具有限公司 (Guangzhou Chengyue Toys Co., Ltd.), Unified Social Credit Code 91440106MADN9U0A4N, legal representative 郭卫军, status active but tagged 经营异常 (abnormal operation). That entity's registered 字号 ("诚月") bears no correspondence to the platform identifier "HswsEJ Official." A building-level search returned more than twenty entities registered at the same building under self-numbered "(仅限办公)" (office-use-only) sub-suite tails, the hallmark of a cluster-registration (集群注册) virtual-address hub. I could not connect the platform identifier to any registered entity at the address.

b. **Defendant 4 (Tang jian).** The address-based search at the platform-disclosed unit (西安市莲湖区自强西路 61 号远丰大厦 1609 室) returned a single registered entity: 西安棠兼商贸有限公司 (Xi'an Tangjian Trading Co., Ltd.), Unified Social Credit Code 91610104MACFWJAB28, a natural-person sole proprietorship (自然人独资), status active, whose legal representative is 唐, the Chinese-character name corresponding to the platform identifier "Tang jian." The entity's registered address matches the platform-disclosed address exactly. A control search against the alternate street number "自强西路 23-10 号" suggested by earlier directory data returned no entity; multiple independent sources (58.com, Fang.com, Youbianku, Elong.com, and Baidu Baike) confirm that 远丰大厦 (Yuanfeng Mansion) is located at 自强西路 61 号. Defendant 4 is therefore the one defendant in this case for whom both a registered entity and an identifiable natural-person legal representative correspond to the platform identifier and to a verified registered address.

c. **Defendant 5 (juyu-W).** The address-based search at the platform-disclosed residential unit (惠州市大亚湾西区龙山一路 29 号鹏惠花园 3 栋 2203 号房) returned more than twenty registered entities spanning unrelated industries (hardware, telecommunications, hot-pot dining, fruit retail, and trading), the first match being 惠州市迹屿贸易有限公司, Unified Social Credit Code 91441304MAD849FMXH, whose registered address carries a "(仅限办公)" ("office-use-only") tag. None corresponds to the platform identifier "juyu-W." Penghui Garden is independently confirmed across Chinese real-estate sources as a residential complex (built 2014, approximately 859 households, Country Garden property management); the registration of twenty-plus cross-industry entities at one residential apartment is a registry-broker / residential mass-registration pattern, not an operating business address.

8. The investigation also included Baidu Maps (百度地图) verification of each platform-disclosed address. The full map-verification record is set out in the report dated June 23, 2026, attached as Exhibit C.

9. The map-verification record shows, in summary: for Defendant 1, Baidu Maps resolves Longdong West Street in Tianhe District, Guangzhou but does not resolve the claimed lane "九巷 (Lane 9)" or the specific building, and the lane does not appear in courier or postal directories; for Defendant 2, Baidu Maps resolves Yuanshan Sub-district and Dakang Community in Longgang District, Shenzhen but does not resolve the nested industrial-zone chain "大王工业区 7 号宝丽工业区 3 栋" or the specific unit; for Defendant 3, Baidu Maps resolves the building at No. 4 Lingshan East Road but does not pin the self-numbered sub-suite "11 楼 1102 单元 856," consistent with the cluster-registration pattern documented in Exhibit B; for

5

Defendant 5, Baidu Maps resolves the residential unit at Penghui Garden 3-2203, but the residential character of the unit, combined with the twenty-plus unrelated commercial registrations at that exact unit, shows the address functions as a registry-broker hub rather than the defendant's place of business; and for Defendant 4, Baidu Maps verifies the full address at No. 61 Ziqiang West Road, Yuanfeng Mansion, Room 1609: a 2009-built mixed-use tower whose existence and location are independently corroborated, which, together with the registry record described in paragraph 7(b), confirms a real, identifiable location connected to the registered entity and its natural-person legal representative.

10. For Defendant 4, the diligence produced what the diligence for the other four defendants did not: a registered Chinese-character entity name (西安棠兼商贸有限公司), an identifiable natural-person legal representative (唐键) whose name corresponds to the platform identifier, and a registered address that the map record independently verifies. On these facts I do not represent that Defendant 4's address is unknown; rather, the Hague Service Convention applies to Defendant 4, and Plaintiff intends to effect service on Defendant 4 through the PRC Central Authority (the Ministry of Justice International Legal Cooperation Center) directed to the natural person 唐键 at the registered address. I further disclose, however, on the basis of my personal knowledge of PRC Central-Authority practice described in paragraph 1, that even this comparatively clean request carries a material, identifiable risk of non-execution: the registrant is a natural-person sole proprietorship (自然人独资) rather than a corporate defendant with independent operating premises; the platform record supplies only the romanized personal handle "Tang jian," not the registered 字号 ("棠兼") that the executing local intermediate people's court will expect to reconcile against the SAMR registry; and the registered unit is a single room within a mixed-use hotel-and-office tower, a setting in which personal service by the

executing court frequently draws a non-service return. Because of that disclosed risk, Plaintiff requests, in the alternative and as a backup to the Central Authority channel, leave to serve Defendant 4 by email under Federal Rule of Civil Procedure 4(f)(3) should the Central Authority request fail to produce executed service within a reasonable time set by the Court.

11. For the remaining four defendants, the investigation confirms that no defendant produces the prerequisite combination — a registered Chinese-character legal name and a verifiable registered address connected to that defendant — on the platform record. Each platform identifier fails the four-element SAMR structure described in paragraph 5, and for each the platform-disclosed address either does not resolve below the building level (Defendants 1, 2, and 3) or resolves only to a residential unit shown to be a registry-broker hub unconnected to the defendant (Defendant 5). Based on my personal knowledge of PRC registry conventions and local-court execution practice described in paragraph 1, submitting a Hague Service Convention Request as to any of these four defendants under these conditions would be facially deficient and would not produce service capable of execution by the local intermediate people's court at the platform-disclosed jurisdiction. Plaintiff has therefore declined to submit such a Request as to Defendants 1, 2, 3, and 5, and respectfully identifies the structural defect and the address-verification failures to the Court in the contemporaneously filed Supplemental Brief as the bases for Article 1 inapplicability of the Convention and for service by email under Rule 4(f)(3).

12. Exhibits A through C are true and correct copies of the documents and records they purport to be, prepared in the course of the investigation I directed and supervised.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 14, 2026.                    /s/ Yanling Jiang
                                              Yanling Jiang
                                              *Counsel for Plaintiff*