**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| REBECCA HAYWARD,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-06484<br><br>**Judge Manish S. Shah** |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff REBECCA HAYWARD ("Hayward" or "Plaintiff") against Defendant No. 3 using the Online Marketplace Account identified as "HswsEJ Official" (the "Defendant Internet Store"), and Hayward having moved for entry of Default and Default Judgment against Defendant No. 3 identified as "HswsEJ Official" ("Defaulting Defendant");

Hayward having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendant received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording it the opportunity to answer and present its objections; and

The Defaulting Defendant not having answered nor appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that Defaulting Defendant has sold products using infringing versions of

Hayward's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-469-041 (the "Rebecca Hayward Work").

This Court further finds that Defaulting Defendant is liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Hayward's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default, and that this Default Judgment is entered against Defaulting Defendant.

This Court further orders that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

   a. using the Rebecca Hayward Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Rebecca Hayward product or not authorized by Hayward to be sold in connection with the Rebecca Hayward Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Rebecca Hayward Product or any other product produced by Hayward, that is not Hayward's or not produced under the authorization, control, or supervision of Hayward and approved by Hayward for sale under the Rebecca Hayward Work;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of

Hayward, or are sponsored by, approved by, or otherwise connected with Hayward; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Hayward, nor authorized by Hayward to be sold or offered for sale, and which bear any of Hayward's copyright, including the Rebecca Hayward Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendant and any third party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with the Defaulting Defendant's Defendant Internet Store, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") (the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account to sell goods using the Rebecca Hayward Work; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Rebecca Hayward Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Rebecca Hayward product or not authorized by Plaintiff to be sold in connection with the Rebecca Hayward Work.

3. Upon Hayward's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with

Defaulting Defendant in connection with the sale of infringing goods using the Rebecca Hayward Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Hayward is awarded statutory damages from the Defaulting Defendant in the amount of seven thousand, five hundred dollars ($7,500) for willful use of the infringing Rebecca Hayward Work on products sold through at least the Defendant Internet Store.

5. Any Third Party Providers holding funds for Defaulting Defendant, including Amazon, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Store from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendant's assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as Amazon, are hereby released to Hayward as partial payment of the above-identified damages, and Third Party Providers, including Amazon, are ordered to release to Hayward the amounts from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Hayward has recovered full payment of monies owed to Plaintiff by Defaulting Defendant, Hayward shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Hayward identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Hayward may send notice of any

supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at the e-mail addresses provided for Defaulting Defendant by third parties.

This is a Default Judgment. No reason exists for delay and this is a final judgment as to Defaulting Defendant.

Dated: October 8, 2026

Manish S. Shah
United States District Judge